[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs have brought this action to discharge the lien of the defendants on a 1989 Mercedes automobile.
In the summer of 1998, the plaintiffs purchased a 1998 Mercedes to be used by Ralph Vitale, father of the plaintiff. Mr. Vitale had arranged for the purchase of the car from a private party knowing it needed some repair work. He had the car towed to the dealership of the defendant after having spoken with someone at the dealership by phone. Mr. Vitale says that the repair estimate was around $1500. Mr. Cerillo the defendant says the repair estimate was around $4300. Either way, neither Mr. Vitale nor anyone on behalf of the plaintiffs was ever asked to sign a written authorization to perform repair work, pursuant to Conn. Gen. Stat. § 14-65f(a). That section of the statutes further provides that a vehicle repair shop "shall not charge for work done or parts supplied without a written authorization . . . ."
Mr. Cerillo called Mr. Vitale in September 1998 to let him know that the shop had replaced two cylinder heads and that the bill was for $3781. Mr. Vitale complained that he had orally authorized the replacement of only one cylinder head and he refused to pay the increased charges. When settlement negotiations failed, the defendant placed an artificer's lien on the vehicle through the Department of Motor Vehicles. By March 3, 1999, the defendant had added storage charges to the underlying claim for repair costs and alleged that the total sum due and owing was $10,482.87. Thereafter the plaintiffs filed this action to discharge the lien.
The provisions of Conn. Gen. Stat. § 14-65f(a) could not be clearer as to the obligations of a car repair shop. Absent CT Page 16915 unusual circumstances, none of which exist in this case, unless there is a written authorization, the repair shop cannot charge for repairs. The defendant who has been in the car business for many years admitted in court that he was well aware of the provisions of the statute. Such a consumer protection statute is strictly construed. The defendant is not entitled to charge for the repairs and is thus not entitled to maintain a lien in lieu of payment.
The lien is ordered discharged.
Patty Jenkins Pittman Judge of the Superior Court